IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, | § § § |
| Plaintiffs, | § § Civil Action No. _____ |
| v. | § § |
| RIG QA INTERNATIONAL, INC. and JAMIE TAYLOR, | § § § |
| Defendants. | § § |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff First Mercury Insurance Company (hereinafter "First Mercury") files this action for declaratory judgment against Rig QA International, Inc. (hereinafter "Rig QA") and Jamie Taylor and would show as follows:

### INTRODUCTION

1. This is an action for declaratory judgment to determine whether First Mercury has a contractual obligation to defend and indemnify Rig QA for a personal injury claim being asserted by Jamie Taylor against Rig QA. Specifically, First Mercury brings this action seeking a declaratory judgment that it does not have any obligation to defend and/or indemnify Rig QA against such claims because, among other things, the occurrence and injury at issue took place outside of the coverage territory and the Professional Services Exclusion excludes coverage.

### PARTIES

2. Plaintiff First Mercury is an insurance company incorporated under the laws of the State of Delaware, with its principal place of business in Morristown, New Jersey.

3. Defendant Rig QA is a Texas corporation with its principal place of business in Willis,

1

Texas. Rig QA can be served via its registered agent Donna Fox Grumbles, 12725 Crude Cemetery Road, Willis, TX, 77318, USA.

4.     On information and belief, Defendant Jamie Taylor is a citizen of the State of Mississippi and can be served at 1083 Pickwick Road, Foxworth, Mississippi, 39483, USA.  Mr. Taylor purposefully availed himself of the privilege of conducting activities within Texas by invoking the benefits and protection of its laws and by seeking benefit and advantage by filing suit in Texas.  First Mercury's suit for declaratory judgment arises directly from Mr. Taylor's purposeful contact with Texas in filing suit here, and he is thus subject to specific jurisdiction.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff First Mercury is a citizen of the states of Delaware and New Jersey, Defendant Rig QA is a citizen of Texas, and Defendant Jamie Taylor is, on information and belief, a citizen of Mississippi. Accordingly, there is complete diversity of citizenship between First Mercury and all defendants. In his Second Amended Petition, Defendant Jamie Taylor seeks damages in excess of $1,000,000, and, accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in this District, in that the contracts that forms the basis of this suit are insurance policies issued to Defendant Rig QA, an entity incorporated and based in this District. In addition, First Mercury seeks a declaration that it does not owe a duty to defend a case pending in the 152nd Judicial District Court for Harris County, Texas.  Accordingly, a substantial part of the events giving rise to First Mercury's claim for declaratory judgment occurred in this District.

**FACTS**

7. QA is in the business of, among other things, offshore rig commissioning, upgrades, and inspection projects, as well as rig safety audits/inspections, HSE audits, and dropped object prevention audits. Plaintiff First Mercury issued two insurance policies to Defendant QA, a primary General Liability policy numbered Tx-CGL-0000037345-02 and a Commercial Excess Liability policy numbered TX-EX-0000037346-02, both with effective dates of December 24, 2015 through December 24, 2015.

8. QA contracted with non-party Chevron Thailand Exploration and Production, Ltd. to oversee safety aboard the Seadrill Tender 12 (the "tender rig"). QA performed safety consulting, including hazard identification on the tender rig. One of QA's duties was to walk the rig and identify safety hazards and safety and environmental compliance.

9. Jamie Taylor was an employee of Chevron USA, Inc. and was "loaned" to Chevron Thailand Exploration and Production, Ltd.

10. Jamie Taylor worked and lived aboard a tender attached to the tender rig. Mr. Taylor alleges that he was injured on August 31, 2015, while descending the "widow maker" between the tender rig and the tender. Mr. Taylor alleges that while walking down a set of steps on the "widow maker," the steps rolled out from under him causing him to fall backwards. He alleges that he fell from the steps and claims that he sustained injuries to his head, back, ribs, and other parts of his body.

11. The steps on which Mr. Taylor was allegedly injured are mounted on wheels and should be secured using wheel stops to ensure that the steps do not roll. Mr. Taylor alleges that the wheel stops were not in place when he was injured.

12. On November 23, 2015, Mr. Taylor filed a lawsuit in County Court at Law No. 1 in

3

Galveston County styled *Jamie Taylor v. Chevron Corporation, Chevron U.S.A. Inc., Rig QA International, and Sapurakencana*, Docket No. CV-0075355. This case was subsequently transferred to the 152nd Judicial District Court for Harris County, Texas, where it is pending as Cause No. 2016-22186. In this suit, Mr. Taylor asserts various causes of action against Rig QA.

13. On December 04, 2015, First Mercury received first notice that Rig QA had been served with Mr. Taylor's original petition.

14. On December 21, 2015, First Mercury issued a declination of coverage letter. First Mercury reserved all rights available but disclaimed coverage and declined a defense based on the provisions of the policies issued to QA. Mercury maintained that Mr. Taylor's claim did not fall within the purview of the coverage provided to QA premised on the fact that Mr. Taylor's alleged injury occurred off the coast of Thailand, thereby placing the claim outside of the coverage territory.

15. On June 1, 2018, Mr. Taylor filed a Second Amended Petition.

16. On or about January 13, 2021, Rig QA, through its insurance agent, requested First Mercury to reconsider its denial of coverage.

### RELEVANT PROVISIONS OF THE GENERAL LIABILILTY POLICY

17. The Insuring Agreement of the General Liability policy that First Mercury issued to Rig QA, attached hereto as Exhibit "A," provides in pertinent part as follows:

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . ..

\* \* \*

    b.    This insurance applies to "bodily injury" and "property damage" only if

      (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" . . ..

18.    Section V of the policy, "Definitions," contains the following definition:

    4.    "Coverage territory" means:

        a.    The United States of America (including its territories and possessions), Puerto Rico and Canada;

        b.    International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places in Paragraph a. above; or

        c.    All other parts of the world if the injury or damage arises out of:

            (1)    Goods or services made or sold by you in the territory described in Paragraph a. above;

            (2)    The activities of a person whose home is in the territory described in Paragraph a. above, but is away for a short time on your business; or

            (3)    "Personal and advertising injury" offense that take place through the internet or similar electronic means of communication.

19.    The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general conditions."

20.    The policy contains two endorsement amending this definition. First, the policy contains an endorsement entitled "Amendment of Coverage Territory Gulf of Mexico" that expands the coverage territory to include the Gulf of Mexico.

21.    Second, the policy contains an "Amendment of Coverage Territory" endorsement that provides in pertinent part as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SECTION V—DEFINITIONS, 4.c** is hereby deleted from the "coverage

territory" definition.

22. Mr. Taylor was injured in waters offshore of Thailand.

23. The "occurrence" for purposes of coverage took place in the waters offshore of Thailand.

24. Mr. Taylor was injured outside of the coverage territory as defined in the policy and as amended by the Amendment of Coverage Territory endorsement. Accordingly, Mr. Taylor's claims against Rig QA are not covered by the General Liability policy.

25. The General Liability policy also includes a Professional Services Exclusion that provides that the policy does not apply to:

> "Bodily injury," "property damage" or "personal and advertising injury" arising out of or resulting from the rendering or failure to render any "professional service" by any Insured, or any act, error omission defect or deficiency in any test performed, or any evaluation, consultation, opinion, advice, designs, maps, survey, reports, specification given by or on behalf of any Insured; or the reporting of or reliance upon any such test preformed.
>
> "Professional service includes but is not limited to:
>
> *   *   *
> (3) Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project . . ..

26. QA was hired to perform professional services, including but not limited overseeing safety, performing safety consulting, and identifying safety hazards. These tasks meet the policy's definition of professional services, which include "supervision," "consultation," and "inspection."

27. Based on the foregoing, coverage for Mr. Taylor's claim is excluded under the Professional Services Exclusion.

**RELEVANT PROVISIONS OF THE COMMERCIAL EXCESS LIABILITY POLICY**

28. The Commercial Excess Liability policy, attached hereto as Exhibit "B," contains the following provision:

6

> The insurance provided under this Policy will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance," unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Policy will apply. However, the coverage provided under this Policy will not be broader than that provided by the applicable "controlling underlying insurance."

The applicable "controlling underlying insurance" with respect to this claim is the First Mercury General Liability policy. Accordingly, the same limitations on coverage discussed above apply to the Commercial Excess Liability policy.

## CAUSE OF ACTION

29. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 28 as if fully set forth herein.

30. Pursuant to 28 U.S.C. § 2201 et seq., First Mercury seeks a declaratory judgment and judicial determination of the rights and duties of First Mercury with respect to an actual controversy arising out of the claim asserted by Defendant Rig QA for defense and indemnity coverage regarding the accident that occurred on August 31, 2015 aboard the Seadrill Tender

31. An actual and justiciable controversy exists between First Mercury and QA as to the alleged obligation owed by First Mercury to defend Rig QA against the claims that Mr. Taylor is making against it. Specifically, First Mercury contends that it is not obligated to defend Rig QA because the injury and occurrence took place outside of the coverage territory and because the Professional Services Exclusion applies thereby excluding coverage.

32. Moreover, since the same reasons that negate any duty to defend likewise negate any possibility that First Mercury will ever have a duty to indemnify Rig QA, the issue of whether First Mercury will ever have a duty to indemnify Rig QA is justiciable. *Farmers Texas County Mutual Insurance Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997); *Nautilus Insurance Co. v. Country Oaks Apartments, Ltd.*, 566 F.3d 452, 458 (5th Cir. 2009).

33.     Defendant Jamie Taylor is seeking a judgment against Rig QA that would be enforceable against First Mercury.  Accordingly, he is a proper party to this suit.  *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941).

34.     This controversy is of sufficient immediacy and magnitude to warrant the issuance of declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff First Mercury Insurance Company requests that this Court enter a declaratory judgment in favor of Plaintiff and against Defendants, declaring that Plaintiff First Mercury Insurance Company has no obligation to defend or indemnify Rig QA International, Inc. for the personal injury claims being asserted against Rig QA International, Inc. by Jamie Taylor concerning the accident that occurred on August 31, 2015 aboard the Seadrill Tender 12, that First Mercury be awarded its costs, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHAFFE MCCALL, L.L.P.**

*/s/ Harold K. Watson*
HAROLD K. WATSON
State Bar No. 20938500
Federal Bar No. 4345
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:  (713) 546-9806
Email: watson@chaffe.com

**ATTORNEY FOR FIRST MERCURY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of February, 2021, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure:

**Service List:**

RIG QA International
Through its registered agent for process:
Donna Fox Grumbles
12725 Crude Cemetery Road
Willis, TX, 77318, USA

Jamie Taylor
1083 Pickwick Road
Foxworth, Mississippi, 39483

                                     */s/ Harold K. Watson*
                                     Harold K. Watson

4022380-1